DISCIPLINARY COUNSEL *v.* UNDERWOOD.

[Cite as *Disciplinary Counsel v. Underwood*, 136 Ohio St.3d 220,

2013-Ohio-3118.]

*Attorneys—Misconduct—Trust-account and fee-related violations—Consent to discipline—One-year suspension, all stayed on conditions.*

(No. 2012-1709—Submitted February 6, 2013—Decided July 18, 2013.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 12-051.

_____

**Per Curiam**.

{¶ 1} Respondent, Arica Lynn Underwood of Cincinnati, Ohio, Attorney Registration No. 0067664, was admitted to the practice of law in Ohio in 1997. On July 16, 2012, relator, disciplinary counsel, charged Underwood with professional misconduct related to one client matter. The charges against Underwood included failing to maintain a record of her client trust account, failing to deposit fees and expenses paid in advance into her trust account, failing to refund an unearned fee to her client upon her withdrawing from representation, knowingly disobeying a court order, engaging in conduct that is prejudicial to the administration of justice, and engaging in conduct that adversely reflects on her fitness to practice law.

{¶ 2} A panel of the Board of Commissioners on Grievances and Discipline considered the cause on the parties' consent-to-discipline agreement. *See* BCGD Proc.Reg. 11.

{¶ 3} In the consent-to-discipline agreement, Underwood stipulates to the facts alleged in relator's complaint and agrees that her conduct violated Prof.Cond.R. 1.15(a) (requiring a lawyer to maintain a record for each client on

whose behalf funds are held), 1.15(c) (requiring a lawyer to deposit advance legal fees and expenses into a client trust account, to be withdrawn by the lawyer only as fees are earned or expenses incurred), 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice), and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law). Relator has agreed to the dismissal of the alleged violations of Prof.Cond.R. 1.16(e) (requiring a lawyer to promptly refund any unearned fee upon the lawyer's withdrawal from employment) and 3.4(c) (prohibiting a lawyer from knowingly disobeying an obligation under the rules of a tribunal).

**{¶ 4}** The parties stipulate that the fact that Underwood engaged in multiple offenses is an aggravating factor. *See* BCGD Proc.Reg. 10(B)(1)(d). As for mitigation, the parties note the absence of a prior disciplinary record, the payment of restitution to her client, Underwood's cooperative attitude toward the disciplinary proceedings, and the imposition of another sanction from the court by finding her in contempt. *See* BCGD Proc.Reg. 10(B)(2)(a), (c), (d), and (f). Based upon these factors, the parties stipulate to a one-year suspension, stayed in its entirety upon the condition that Underwood complete, in addition to the general requirements of Gov.Bar R. X, at least six hours of continuing legal education in law-office management within six months of any disciplinary order issued in this case.

**{¶ 5}** The panel and board found that the consent-to-discipline agreement conforms to BCGD Proc.Reg. 11 and recommend that we adopt the agreement in its entirety.

**{¶ 6}** We agree that Underwood violated Prof.Cond.R. 1.15(a), 1.15(c), 8.4(d), and 8.4(h) and, as stated in the parties' agreement, that this conduct warrants a one-year suspension, stayed in its entirety. Therefore, we adopt the

parties' consent-to-discipline agreement, and we dismiss the charged violations of Prof.Cond.R. 1.16(e) and 3.4(c).

**{¶ 7}** Accordingly, Underwood is hereby suspended from the practice of law for a period of one year, but the suspension is stayed in its entirety upon the conditions that Underwood engage in no further misconduct and that she complete, in addition to the general requirements of Gov.Bar R. X, at least six hours of continuing legal education in law-office management within six months of this order. If Underwood fails to comply with the conditions of the stay, the stay will be lifted, and Underwood will serve the entire one-year suspension. Costs are taxed to Underwood.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Karen Osmond, Assistant Disciplinary Counsel, for relator.

Alvin E. Mathews Jr., for respondent.

_____